L. P. HENDERSON and wife and others v. V. A. McBEE, Adm'r. of J. A. Caldwell.

*Trust Annexed to Land—Agreement Cotemporaneous with Deed—Evidence—Land in another State—Jurisdiction.*

H conveyed certain real estate in Alabama to her son J in fee, and a cotemporaneous paper writing (not under seal) was executed by them to the effect that said real estate was J's, " to be disposed of as he sees proper ; and said lands or the proceeds if sold to be his during his life, and at his death the said lands, or if sold the proceeds, to belong and to be given by him to W &c. ;" J sold certain of the real estate and thereafter died ; in an action by W against the administrator of J, *It was held,*

(1) That the paper writing, executed by H and J, created a trust in favor of W which attached to the conveyance of the lands to J.

(2) That the trust is to be ascertained *from the paper writing* independent of *parol* testimony.

(3) That the locality of the lands in another State does not deprive the Courts of this State of their jurisdiction to compel execution of the trust.

(4) That the plaintiff is entitled to recover out of the personal estate of J, in the hands of his administrator in this State, the proceeds of the land sold by J.

(*Taylor* v. *Taylor*, 1 Jones Eq. 246 ; *Turner* v. *Elford*, 5 Jones Eq. 106 ; *Thompson* v. *Newlin*, 3 Ire. Eq. 338 ; *Cook* v. *Redman*, 2 Ire. Eq. 623, cited, commented on and approved.)

CIVIL ACTION tried at Spring Term, 1878, of LINCOLN Superior Court, before *Cox, J.*

On the 4th day of September, 1874, H. P. R. Caldwell, who owned certain lands in Autauga county Alabama, for natural love and affection and a nominal pecuniary consideration, conveyed them to her son James A. Caldwell in fee with covenant of title. At the same time and as part of the same transaction, they entered into the following written agreement :—

NORTH CAROLINA, }
  Burke County.

The deed made by Hannah P. R. Caldwell of said county and State, to James A. Caldwell of Lincoln county in said State, on the 4th day of September, 1874, for 255 acres, 50 acres and 800 acres, known as the Woodburn tract on Autauga creek, and 77 acres of land in Autauga county, State of Alabama, lying on Bear creek swamp, the first of these tracts being lands devised to her by Tod Robinson, the last being a tract purchased by her from Neill Robinson, is made with the understanding that the same is to be his, to be disposed of as he sees proper. And said lands, or the proceeds if sold to be his during his life, and at his death the said lands, or if sold the proceeds, to belong and to be given by him to William Cornelia Henderson, and in case she be dead, then to be given to her children, that is, the children born of her body.

Witness :                           H. P. R. CALDWELL,
  JOHN D. SHAW.                      J. A. CALDWELL.

The deed and agreement have both been proved by the same subscribing witness and registered in Autauga county where the lands lie. In his lifetime James A. Caldwell sold a portion of the lands for the sum of sixteen hundred dollars (of which the feme plaintiff has received two hundred dollars), and died intestate in March, 1876. The defendant has administered on his estate. This action is to enforce the trust and compel payment of the residue of the sum for which the land was sold, out of the personal estate of the intestate in the hands of the defendant.

The Court gave judgment for the plaintiffs and the defendant appealed.

*Mr. J. F. Hoke*, for plaintiffs.
*Messrs. Shipp & Bailey*, for defendant.

SMITH, C. J. (After stating the case as above.) It is quite apparent that title was made to the intestate to enable him to retain and use the lands, or at his election to convert them or any part of them by a sale into money, and in such case to have the interest or profit of the principal during life, and at his death the unsold lands and the money received for such as may have been sold to go to feme plaintiff or her children. The conveyance is made upon this express trust, declared in a contemporary writing by the grantor, and assented to and agreed to be performed by the grantee, in its execution by both of them. The estate is accepted on the terms that it shall be held and disposed of as specified in the contract.

It has been repeatedly held in this Court that trusts annexed to lands are not within the statute of frauds and may be proved by parol with corroborating facts, and enforced. Some of the cases only will be referred to. A deed absolute on its face, on such proof, was declared to convey the estate in trust for another. *Taylor* v. *Taylor*, 1 Jones' Eq. 246. Where one paid the purchase money and title was made to another, on an agreement that the latter should hold for the benefit of the first, if not done to delay or defraud creditors, a valid trust is created. *Turner* v. *Elford*, 5 Jones' Eq. 106.

In the case of *Thompson* v. *Newlin*, 3 Ire. Eq. 338, the facts summarily were these : The testatrix Sarah Freeman bequeathed her slaves to John Newlin whom she also made her executor with the understanding and intention that they should not be held as property, and for the benefit of the legatee, but that they should be set free. The object of the bill was to have the trust declared illegal and the slaves held by the legatee for the next of kin of the testatrix. In delivering the opinion, RUFFIN, C. J., says : " It would be a clear fraud on the testatrix to suffer her to suppose that the

defendant who understood her wishes would carry them out without her inserting the directions in her will, and then to set up the will as an absolute gift, not coupled with any trust whatever." In the same opinion referring to the case of *Cook* v. *Redman*, 2 Ire. Eq. 623, he says: " We held that a private promise made to the testator by a legatee to hold in trust for another person was binding and would be enforced, and indeed that a promise was not necessary, but that a silent assent to the known wishes of the testator was sufficient to raise the trust." Here the trust is set out in a written memorial authenticated by the signatures of each and is not to be ascertained through the uncertain and erring memory of witnesses.

These authorities abundantly show the validity of the trust attached to the conveyance of the lands to the intestate and the obligation resting on him to give it full effect. We have not deem it necessary to consider the matters mainly discussed at the bar, nor to inquire how far a deed unconditional in terms may be modified by a writing made at the same time and operating as a defeasance. There is no mistake as to the terms of the deed and no correction is asked. The title vests and was so intended in the intestate and he could convey the same to his vendee. But the legal estate before such sale, and the purchase money of any that may be sold are charged with the trusts declared in the agreement, and the plaintiffs have the right to enforce their discharge and compel payment by the defendant out of the personal estate in his hands, so far as he has funds applicable to the claim.

The locality of the lands in another State does not deprive the Court of its jurisdiction to compel execution of the trust by acting upon the person of the defendant and the assets of the intestate which have come into his hands.

There is no suggestion that they are deficient and reference has been asked to ascertain their amount.

No error.

PER CURIAM. Judgment affirmed.